UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JAIME KING, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 3:19-CV-825-DPJ-FKB |
| JAXON ENERGY, LLC, ET AL. | DEFENDANTS |

ORDER

All that remains in this action is for the Court to decide how much to award Plaintiffs for the attorneys' fees they incurred seeking remand. Plaintiffs initially requested $13,027.50 but later conceded certain points and reduced their request to $12,645.00. For the following reasons, the Court finds that Plaintiffs' counsel is entitled to $12,195.00.

I.   Background

On February 10, 2020, the Court granted Plaintiffs Jaime King, Misty Tracy, Dustin Holmes, D'Angelo Hopkins, Shaquille Stamps, and Joshua Mitchell's motion for remand and held that they were entitled to attorneys' fees incurred as a result of Defendants' removal. Order [10] at 7. Plaintiffs submitted a detailed log of the hours billed in connection with the removal. *See* Billable Hours Log [13] at 4–12. Defendants do not contest the hourly rate of $375 per hour, but they do contest the 33.9 hours Plaintiffs' counsel billed. Defs.' Resp. [15] at 3. Plaintiffs' counsel, for his part, concedes that some hours should be excluded from the fee calculation, *see* Pls.' Reply [16] at 6, but maintains that the substantial majority of the hours were reasonable, *id.* at 2–4.

Four disputes remain: (1) whether ensuring the state court record matched the record filed with this Court was a clerical task; (2) whether spending one hour preparing a standard-of-review section was reasonable; (3) whether spending 4.5 hours drafting a factual-background

section was reasonable; and (4) whether spending 13.7 hours performing legal research was reasonable. *See* Defs.' Resp. [15] at 3–4; Pls.' Reply [16] at 2–4.

II.     Standard

The lodestar method guides courts' attorneys-fee calculations. Under this approach, "the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995)). When calculating the appropriate number of hours, "the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432–34 (1983)). The lodestar total "is presumptively reasonable and should be modified only in exceptional cases." *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)).

"After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson* [*v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (footnote omitted). The twelve *Johnson* factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis*, 135 F.3d at 1047 (citing *Johnson*, 488 F.2d at 717–19). "The Supreme Court, however, has stated that two of the *Johnson* factors considered by the district court, 'complexity of the issues' and 'results obtained,' are 'presumably fully reflected in the lodestar amount, and thus

cannot serve as independent bases for increasing the basic fee award.'" *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

III.   Analysis

   A.   Reviewing State-Court Records

Plaintiffs' counsel billed 0.5 hours for "review[ing] state court record filed in federal court; cross-referenc[ing] filed record with the circuit court record for comple[te]ness." Billable Hours Log [13] at 4. Defendants say this is a clerical task that should not be included in the attorneys-fee calculation, Defs.' Resp. [15] at 3, but Plaintiffs disagree, Pls.' Reply [16] at 2.

"[P]urely clerical or secretarial tasks" are not recoverable in an attorneys' fee calculation. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Tow v. Speer*, No. H-11-3700, 2015 WL 12765414, at *8 (S.D. Tex. Aug. 17, 2015) ("The approach in this circuit is that neither attorneys nor legal assistants may recover a fee award for clerical work."); *Rigsby v. State Farm Fire & Cas. Co.*, No 1:06-CV-433-HSO-RHW, 2014 WL 691500, at *18 (S.D. Miss. Feb. 21, 2014) ("[W]ork can be recovered as attorneys fees if the work is legal in nature, rather than clerical" (citing *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001))). "Clerical work includes 'investigation, compilation of facts and statistics, communications which serve a purely logistical or organizational purpose, the filing of returns with the court, the service of documents, and the preparation of notices and cover letters.'" *Hendrix v. Evergreen Hauling*, No. 1:18-CV-00114-GHD-DAS, 2019 WL 138160, at *2 (N.D. Miss. Jan. 8, 2019) (quoting *Hardy v. City of Tupelo*, No. 1:08-CV-28-SA-JAD, 2010 WL 730314, at *7 (N.D. Miss. Feb. 25, 2010)).

There is nothing "legal in nature" about reviewing documents to see if they match other documents. *See Tow*, 2015 WL 12765414, at *9 (finding work labeled as "Index boxes and

3

review documents" clerical and not recoverable). Indeed, this is a task that can be performed by a secretary or paralegal. Because this task is clerical rather than legal in nature, Plaintiffs' counsel is not entitled to recover for 0.5 hours he spent on it.

B.      Preparing Standard of Review

Plaintiffs' counsel billed one hour for "prepar[ing] Standard of Review section of Memorandum in Support of Motion to Remand." Billable Hours Log [13] at 4–5. Defendants argue that one hour is excessive given Plaintiffs' counsel's 23 years of legal experience. Defs.' Resp. [15] at 3. They propose reducing this entry to 0.3 hours. *Id.* Plaintiffs' counsel acknowledges that "[t]he billing entry . . . was perhaps not as thoroughly drafted as it should have been" because "the preparation of the section encompassed legal research that was not otherwise documented in the billing records." Pls.' Reply [16] at 2. He says the preparation involved researching three legal issues addressed in a footnote.[1] *Id.*

Plaintiffs' counsel has an impressive resume with extensive litigation experience. *See* Quin Aff. [13] at 13–15. The four-sentence standard-of-review section should not have taken an

---

[1] The footnote reads

> The Mississippi appellate courts have yet to address whether an amended complaint renders an original complaint of no legal effect. In such situations, it is appropriate to look to federal authority. *BB Buggies, Inc. v. Leon*, 150 So. 3d 90, 96 (Miss. 2014) ("Because our rules are generally modeled after the Federal Rules of Civil Procedure, we often consider federal authority when construing similar rules.") (citing, *Gray v. Gray*, 562 So. 2d 79, 82 (Miss. 1990)). "An amended complaint is normally treated as completely replacing the former pleading" in federal practice. *Barefield Workplace Solutions, Inc. v. Miller's of Columbia, Inc.*, No. 3:17-CV-87-HTW-LRA, 2018 WL 4761254, at *6 (S.D. Miss. Sept. 30, 2018) (citing, *Cicchettis v. Lucey*, 514 F.2d 362 (1st Cir. 1975); *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956), *cert. denied sub nom.*, *Treasure Co. v. Bullen*, 353 U.S. 947, 77 S. Ct. 825, 1 L. Ed. 2d 856 (1957)). Accordingly, for purposes of this motion, Plaintiffs will refer only to the allegations of the FAC [Doc. 1-2].

Pls.' Mem. [3] at 2–3 n.1.

hour to draft. And as for the footnote, a separate entry in the billable-hours log documents 1.4 hours of research for "cases addressing the standard of review for a motion to remand." Billable Hours Log [13] at 4. Thus, even if the hour spent preparing the standard-of-review section did encompass undocumented research, that time seems duplicative. *Watkins*, 7 F.3d at 457. The Court finds that 0.3 hours for preparation of the standard-of-review section is reasonable.

### C. Drafting Factual Background

Next, Plaintiffs' counsel spent 4.5 hours "prepar[ing the] Factual Background section of Memorandum in Support of Motion to Remand." Billable Hours Log [13] at 4. Defendants say this is excessive because "[b]ut for minor edits, the facts section in the memorandum brief largely mirrors the facts section in Plaintiffs' complaint." Defs.' Resp. [15] at 3.

There is substantial overlap. Almost every paragraph in Plaintiffs' factual-background section is a verbatim recitation of a paragraph in the Amended Complaint. It seems clear enough that Plaintiffs' counsel cut and pasted the core assertions from the Amended Complaint. In doing so, he removed the original paragraph numbers, made stylistic changes for flow, footnoted the Amended Complaint, and added a few new paragraphs to summarize and adapt the recitation to the jurisdictional arguments. The finished product was over 13 pages. Taking 4.5 hours for those tasks might be slightly high, but it is within the realm of reasonableness. This is not an exact science.

### D. Legal Research

Finally, Defendants challenge the hours Plaintiffs' counsel spent researching the issues in the case. Defs.' Resp. [15] at 4. They ask the Court to reduce the hours from 13.7 to 4 because "[t]his case presented no novel issues and the law in this Circuit is well-settled." *Id.*

Plaintiffs' counsel meticulously documented the research he conducted—specifically noting how much time he spent "analyz[ing]" each case. *See* Billable Hours Log [13] at 5–8. Indeed, he "analyz[ed] each case cited in the Memorandum in Support of Motion to Remand and Rebuttal Memorandum in Support of Motion to Remand." Pls.' Reply [16] at 4. And he only spent between 0.1 and 0.4 hours on most cases, with the exception of "*Gunn, Grable*, and their progeny," which are the landmark cases for federal-question jurisdiction. Billable Hours Log [13] at 5.

Although the legal questions involved in the remand motion were not particularly complex—which is why a fee award is appropriate—Defendants did raise a number of issues and cite a number of cases that Plaintiffs' counsel was required to consider and address. For example, the parties disputed whether that (1) Plaintiffs pleaded a federal cause of action; (2) the averments necessarily raised a federal issue; and (3) the purported federal issue was disputed, substantial, and would disrupt the federal-state balance of judicial responsibilities if heard in federal court. All these sub-issues required at least *some* research. Spending 13.7 hours on this research was reasonable.[2]

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. Plaintiffs' counsel's 0.5 hours spent cross-referencing state-court records is stricken, and his hour spent preparing the standard-of-review section of his brief is reduced to 0.3 hours.

---

[2] As noted, the only dispute at this point focuses on the hours Plaintiffs' counsel billed under the lodestar calculation; neither party contends that the *Johnson* factors warrant a reduction or an increase. *See* Defs.' Resp. [15] at 6; Pls.' Reply [16] at 6. The Court independently finds that the *Johnson* factors do not warrant an increase or decrease from the lodestar amount.

The Court finds the remaining hours spent on the motion reasonable. The lodestar fee is as follows:

  William M. Quin II: 32.2 Hours x $375.00 per hour = $12,075.00

  Paige Slade: 0.8 Hours x $150.00 per hour = $120.00

The Court also finds that the *Johnson* factors do not warrant an upward or downward departure from these totals. Plaintiffs are therefore awarded $12,195.00 in attorneys' fees.

  **SO ORDERED AND ADJUDGED** this the 20th day of March, 2020.

            s/ *Daniel P. Jordan III*
            CHIEF UNITED STATES DISTRICT JUDGE